J-S28022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN CINQUE | : | No. 844 MDA 2022 |

Appeal from the Judgment of Sentence Entered May 17, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s): CP-01-CR-0001123-2021

BEFORE: BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY OLSON, J.:              **FILED SEPTEMBER 08, 2025**

The Commonwealth appeals from the judgment of sentence imposed following the guilty plea of Appellee, John Cinque, to driving under the influence ("DUI") – controlled substance.[1] We affirm.

This Court previously set forth the facts and procedural history of this case as follows.

> On April 8, 2021, Appellee was arrested following a traffic stop, and he was subsequently charged with various DUI offenses, a summary motor vehicle offense, and violations of the Controlled Substance, Drug, Device and Cosmetic Act. The DUI offenses were charged as second offenses and graded as first-degree misdemeanors based upon Appellee's resolution of a prior DUI charge through the accelerated rehabilitative disposition ("ARD") process. Appellee filed an omnibus pre-trial motion seeking to bar consideration of his earlier ARD as a prior offense at sentencing.

---

[1] 75 Pa.C.S.A. § 3802(d)(1)(ii).

\*\*\*

At a May 17, 2022 hearing, the trial court granted Appellee's motion to bar consideration of the prior ARD as a first offense for sentencing purposes. Appellee then entered a negotiated guilty plea to one count of DUI—controlled substance as a first offense, ungraded misdemeanor at the hearing. On that same date, the trial court sentenced Appellee pursuant to the negotiated agreement to serve six months' probation, including [10] days of house arrest, and pay a fine of $1,000.[00. The Commonwealth appealed].

**Commonwealth v. Cinque**, 2023 WL 3298966, \*1 (Pa. Super. 2023) (non-precedential decision) (internal citations omitted), *order vacated*, 2025 WL 1739486 (Pa. June 24, 2025).

On appeal, the Commonwealth argued that the trial court erred in sentencing Appellee as a first-time DUI offender. Ultimately, this Court agreed. **See id.** Appellee, therefore, filed a petition for allowance of appeal, seeking review in our Supreme Court. On June 24, 2025, our Supreme Court vacated our prior disposition in this matter and remanded this case back to us for reconsideration in light of **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025). In **Shifflett**, the Supreme Court held "that 75 Pa.C.S.A. § 3806(a) [was] facially unconstitutional to the extent it allows a previous acceptance of [ARD] to be used as the basis for an enhanced sentence under [75 Pa.C.S.A. § 3804.]" **Shifflett**, 335 A.3d at 1178. We therefore conclude that, contrary to the Commonwealth's claim, the trial court did not err in sentencing Appellee as a first-time DUI offender. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>09/08/2025</u>